UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ENRIQUE RIOS,<br><br>                         Plaintiff,<br><br>        v.<br><br>COSTCO WHOLESALE<br>CORPORATION*,*<br><br>                         Defendant. | Case No. 2:26-cv-00648-MMD-NJK<br><br>ORDER |

## I.    SUMMARY

Plaintiff Enrique Rios filed an action in state court against Defendant Costco Wholesale Corporation arising from an incident where Plaintiff was attacked by a dog outside of a Costco store. Defendant removed based on diversity jurisdiction. (ECF No. 1 at 2 ("Petition").) Before the Court is Plaintiff's motion to remand. (ECF No. 12 ("Motion").)[1] Because the removal was procedurally defective, the Court will grant the Motion.

## II.    DISCUSSION

Plaintiff seeks remand on two grounds—Defendant failed to establish the amount in controversy to support diversity jurisdiction and alternatively, removal was procedurally defective. (ECF No. 12.) Defendant's response offers various arguments as to why they have met their burden to establish the amount in controversy, relying primarily on Plaintiff's disclosure of his computation of damages. (ECF No. 15.)

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

---

[1]Defendant responded (ECF No. 15), and Plaintiff replied (ECF No. 16).

(1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a).

Removal procedure of a civil action from a state to federal court is set forth in 28 U.S.C. § 1446. A defendant desiring to remove a case must generally do so within 30 days of service. *See* 28 U.S.C. § 1446(b). Here, Defendant asserts that notice of the basis for removal is Plaintiff's Request for Exemption from Arbitration ("REA") filed on February 6, 2026.[2] (ECF No. 1 at 3.) Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant asserts that based on the REA, in which Plaintiff "is claiming injuries" and has "incurred medical expenses of $34,034.35 and is still treating," "it is reasonable to conclude that the amount in controversy exceeds $50,000.00." (ECF No. 1 at 3.) In response to the Court's order to show cause as to why the action should not be remanded because of the amount in controversy (ECF No. 4)[3], Defendant submitted Dr. Nitin Engineer's treatment proposal with an estimated cost of $135,438.00 which Defendant received on October 9, 2025.[4] (ECF No. 9.)

Removal is triggered under § 1446(b) upon "the receipt by the defendants of a paper in the action from which removability may be ascertained." *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1142 (9th Cir. 2017) (quoting *Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994)). Courts look to the "four corners of the initial pleading or subsequent papers" when determining when the

---

[2]Defendant removed on March 6, 2026. (ECF No. 1.)

[3]To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

[4]As noted, Defendant's response offered Plaintiff's initial disclosure on March 27, 2026 where Plaintiff includes in his computation of damages future medical treatment. (ECF No. 15-1.)

2

defendant had notice of grounds for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)). Plaintiff argues that Defendant essentially admits the REA did not provide a clear basis for removal because the REA would have to be viewed with the pre-lawsuit records (i.e., Dr. Engineer's proposal).[5] (ECF Nos. 12 at 8-9; 16 at 5-7.) The Court agrees. The REA does not provide notice that the amount in controversy would be met. In fact, the Petition alleges that based on the REA, "it is reasonable to conclude the amount in controversy exceeds $50,000.00," not the $75,000 amount in controversy. (ECF No. 1 at 3.). Defendant's response fails to address Plaintiff's removal-triggering argument, but instead argues the amount of future treatment is not speculative.

In sum, the Court agrees with Plaintiff's alternative argument that removal was procedurally defective and will grant the Motion on this ground.

**III.   CONCLUSION**

The Court notes that Plaintiff and Defendant made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 12) is granted. This action is remanded to the Eighth Judicial District Court in Clark County, Nevada.

It is further ordered that the hearing scheduled for May 21, 2026, is vacated.

It is further ordered that the Clerk of Court close this case.

///

///

///

---

[5]Indeed, accepting Defendant's reliance on pre-lawsuit proposal from Dr. Engineer would suggest Defendant had notice of the amount in controversy when the Complaint was filed, rendering removal untimely.

DATED THIS 14th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE